IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| DANIEL HILES,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN RYAN WALTERS,<br><br>    Respondent. | CASE NO. 4:25-cv-2314<br><br>DISTRICT JUDGE<br>CHARLES ESQUE FLEMING<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Daniel Hiles filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Hiles is currently in custody at the Allen Correctional Institution serving a five-year sentence imposed by the Trumball County Court of Common Pleas in State v. Hiles, Case No. 2024 CR 0044. This Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Hiles's petition.

## Summary of underlying facts

In habeas corpus proceedings brought under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). "This presumption also applies to the factual findings that [a] state appellate court makes on its review of the state trial record." *Johnson v. Bell*,

525 F.3d 466, 474 (6th Cir. 2008). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*

The Ohio Court of Appeals for the Eleventh Appellate District summarized the facts underlying Hiles's conviction as follows:

> {¶2} On February 29, 2024, Hiles was indicted by the Trumbull County Grand Jury for two counts of Breaking and Entering, felonies of the fifth degree, in violation of R.C. 2911.13(A); two counts of Vandalism, felonies of the fifth degree, in violation of R.C. 2909.05(B)(1)(b); and Possessing Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24(A).
>
> {¶3} On July 10, 2024, a change of plea hearing was held. A written plea agreement and finding on guilty plea were subsequently filed. At the hearing, Hiles indicated he cannot read but his attorney reviewed the plea agreement and explained it to him. The court inquired, "Are you sure you understand everything that's in it?" to which Hiles responded affirmatively. The court advised Hiles of the offenses to which he would plead and the range of potential prison terms for each offense. As the factual basis for the convictions, the prosecutor indicated that Hiles broke into and vandalized the Animal Welfare League and a landscaping business. The written plea agreement stated: "The underlying agreement upon which this plea is based is as follows: The Defendant to undergo a Pre-Sentence Investigation." No other recommendation of sentence was discussed by the parties at the plea hearing. Hiles entered pleas of guilty to the offenses contained in the indictment. The court accepted the pleas, found Hiles guilty, and referred the matter to the probation department to conduct a presentence investigation.
>
> {¶4} A sentencing hearing was held on September 25, 2024. Hiles' counsel emphasized Hiles' upbringing in state institutions and desire to reform

his conduct, and requested a term of community control. The State observed that Hiles had a history of criminal offenses. It stated: "[p]ursuant to our plea agreement, I indicated I would recommend 12 months, concurrent on each count" and requested entry of that sentence.

{¶5} The court indicated that it had considered the statutory factors in R.C. 2929.11 and .12, that Hiles was not amenable to community control, and a prison sentence was consistent with the purposes and principles of sentencing. It found that he had an "extensive criminal record" and an "extensive number of felony convictions," with a majority of his offenses involving similar crimes. It concluded that Hiles had "been terrorizing the community for 50 years." The court ordered Hiles to serve consecutive prison terms of one year on each count, for a total prison term of five years. The court memorialized the sentence in an October 18, 2024 entry, which stated the R.C. 2929.14(C)(4) consecutive sentencing findings.

*State v. Hiles*, 2025-Ohio-1119, 2025 WL 965315, at *1 (Ohio Ct. App. 2025).

## Procedural background

Hiles filed a notice of appeal in October 2024. Doc. 7-1, at 23–26. In his supporting brief, he raised two assignments of error:

> 1. Appellant's plea must be vacated in violation of Crim. R. 11 as not entered knowingly, intelligently and voluntarily.

> 2. The trial court erred and imposed a maximum consecutive prison sentence outside of the recommended sentencing range which was contrary to law and not supported by the record where the trial court failed to find all required consecutive sentencing factors and failed to determine/consider the aggregate maximum consecutive prison sentence ordered.

3

Doc. 7-1, at 32–33. The court of appeals affirmed in late March 2025. *Hiles*, 2025 WL 965315.

In May 2025, Hiles's counsel filed on his behalf a notice of appeal with the Ohio Supreme Court. Doc. 7-1, at 95–96. In his memorandum in support of jurisdiction, Hiles raised one proposition of law:

> Under Criminal Rule 11(C)(2)(a), the "maximum penalty involved" with a guilty or no contest plea includes the total prison term the criminal defendant may serve if consecutive sentences are imposed.

*Id*. at 98. In his memorandum, Hiles argued that the Ohio Supreme Court's decision in *State v. Johnson*, 532 N.E.2d 1295 (1988) had been "undermined" by intervening amendments to Ohio Rule of Criminal Procedure 11 and "discarded" by *State v. Bishop*, 124 N.E.3d 766 (Ohio 2018). Doc. 7-1, at 101–07. On July 22, 2025, the Ohio Supreme Court declined under rule 7.08(B)(4) of its rules of practice to accept jurisdiction. *Id*. at 119. Hiles did not seek review in the United States Supreme Court.

In September 2025, Hiles filed in the trial court a form "petition to vacate or set aside judgment of conviction or sentence." *Id*. at 120–23. He also moved for appointment of counsel. *Id*. at 124–27. The trial court denied the petition two weeks after Hiles filed it. *Id*. at 139–41. Hiles did not seek review of the trial court's decision.

*Federal habeas proceedings*

Hiles filed his pro se petition for writ of habeas corpus on October 23, 2025. Doc. 1, at 16; *see Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that an imprisoned petitioner's petition is deemed filed when he places it in his prison's mailing system). He raises the following ground for relief, which is reproduced as written:

> GROUND ONE: Judge did not tell me the maximum sentence he could give me by law. Consecutive sentence's[.]

Doc. 1, at 6.

## Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, § 104, 110 Stat. 1214, habeas petitioners must meet certain procedural requirements to have their claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). But when "state court remedies

are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review." *Id.*

*Exhaustion*

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). A state defendant with federal constitutional claims must "fairly presen[t]" those claims to the state courts before raising them in a federal habeas corpus action. *Robinson*, 950 F.3d at 343 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845–48 (1999); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). And a habeas petitioner must "present[] both the factual and legal basis for [the] claim to the state courts." *Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012). This requirement means that the "petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). "'[G]eneral allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present claims" that specific constitutional rights were violated.'" *Hand v.*

6

*Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (quoting *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006)).

*Procedural default*

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id.* In *Maupin v. Smith*, the Sixth Circuit directed courts to consider four factors when determining whether a claim is barred on habeas corpus review because a petitioner failed to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court and pursue that claim through the state's 'ordinary

7

appellate review procedures.'" *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see Woolbright v. Crews*, 791 F.3d 628, 631 (6th Cir. 2015) ("When a petitioner has failed to fairly present … claims to the state courts and no state remedy remains, [the] claims are considered to be procedurally defaulted."). While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), a petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and establish that actual prejudice resulted from the alleged violation of federal law, or show that a fundamental miscarriage of justice will result if the petitioner's claims are not considered. *Coleman*, 501 U.S. at 750.

### Discussion

*Hiles has procedurally defaulted his only ground for relief, which is, in any event, meritless*

In his only ground for relief, Hiles asserts that the trial court erred because it did not tell him that it could impose consecutive sentences. Doc. 1, at 6; *see* Doc. 1-2. Because Hiles is unrepresented, the Court construes his claim liberally. *See Reho v. United States*, 53 F.4th 397, 399 (6th Cir. 2022). And because state-law errors are not cognizable in a habeas action brought under Section 2254, *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), the Court

8

construes Hiles's ground for relief as raising a claim under the United States Constitution.

As noted, a habeas petitioner with federal constitutional claims must "'fairly presen[t]'" those constitutional claims to the state courts as federal constitutional claims before raising them in a federal habeas corpus action. *Robinson*, 950 F.3d at 343 (citation omitted); *Williams*, 460 F.3d at 806. Hiles, however, never raised his current argument to Ohio's Supreme Court as a federal constitutional claim.

On direct appeal to the Ohio court of appeals, Hiles argued that his guilty plea was made in violation of Ohio Criminal Rule 11 because it was not knowing, intelligent, and voluntary. Doc. 7-1, at 36–44. The Ohio court of appeals rejected Hiles's argument, finding that the trial court complied with Rule 11 and that Hiles's plea was knowing, intelligent, and voluntary. *Hiles*, 2025 WL 965315, at *2–4. In doing so, it explained that Rule 11 is the procedure that Ohio courts follow "to ensure that pleas are entered knowingly and voluntarily" as constitutionally required. *Id.* at *2. The court discussed Hiles's argument that the trial court failed to comply with "Rule 11(C)(2)(a), which provides that the court in a felony case shall not accept a plea of guilty: without … [d]etermining that the defendant is making the plea voluntarily, with understanding ... of the maximum penalty involved." *Id.* (internal quotation marks omitted). But the court also observed that this "maximum penalty" provision found in Rule 11(C)(2)(a) is a "nonconstitutional right." *Id.*;

9

*see also State v. Veney*, 897 N.E.2d 621, 624–25 (Ohio 2008) (explaining that Rule 11(C)(2)(c) contains constitutional safeguards a court must strictly comply with, while Rule 11(C)(2)(a) and (b) contain nonconstitutional safeguards a court must substantially comply with).

On appeal to the Ohio Supreme Court, Hiles urged the court to "clarify" what a trial court must say to a defendant to comply with Rule 11(C)(2)(a): the maximum penalty for each count, as the trial court did in Hiles's case, or a potential maximum penalty for all of the counts combined if they were to be served consecutively. Doc. 7-1, at 101–07. But Hiles only presented this issue as a state-law claim—he discussed various Ohio courts' interpretation of an Ohio rule on a nonconstitutional issue. *Id.* He did not argue that the maximum-penalty-advisement requirement was a federal constitutional issue. Hiles has thus failed the fair presentment requirement. *See O'Sullivan*, 526 U.S. at 845–48; *Caver*, 349 F.3d at 345.

Further, under Ohio's res judicata rule, because Hiles could have raised this issue on direct appeal as a federal constitutional claim, it is now too late for him to raise it in Ohio's courts. *See State v. Szefcyk*, 671 N.E.2d 233, 235 (Ohio 1996) (reaffirming the rule from *State v. Perry*, 226 N.E.2d 104 (1967)); *see also Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("Rust is barred from presenting his constitutional claims to the state courts because he had the opportunity to raise the issues during the course of his direct appeal but failed to do so.").

10

Ohio's courts consistently enforce this rule, *see State v. Cole*, 443 N.E.2d 169, 170–71 (1982), and the Sixth Circuit has held that Ohio's res judicata rule is an adequate and independent state ground on which to procedurally bar review of a habeas claim, *see Coleman v. Mitchell*, 268 F.3d 417, 427–32 (6th Cir. 2001); *see also Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007). Hiles's ground for relief is thus procedurally defaulted. *See Scott v. Houk*, 760 F.3d 497, 505 (6th Cir. 2014).

Hiles could avoid this default by demonstrating cause for the default and prejudice.[1] *Coleman*, 501 U.S. at 750; *Rust*, 17 F.3d at 160. But Hiles doesn't claim that he could show either cause or prejudice. So there is no basis to consider whether he could overcome his default. *Cf. Hockenbury v. Sowders*, 718 F.2d 155, 160 (6th Cir. 1983) ("The 'cause' and 'prejudice' requirement … is in the conjunctive. Not finding 'cause' in this case, we need not address the issue of prejudice."); *Jones v. Tibbals*, No. 5:13-cv-1171, 2014 WL 1806784, at *8 (N.D. Ohio May 7, 2014) ("Since the cause and prejudice standard is in the conjunctive, Petitioner's failure to show 'cause' ends the analysis.").

Finally, even putting Hiles's default aside, which the Court may do when the merits are "easily resolve[d]," *Borns v. Chrisman*, 167 F.4th 335, 347 (6th Cir. 2026), Hiles's claim fails. "'[T]here is no requirement ... that [a] court explicitly admonish a defendant that a sentence may be imposed

---

[1]    Hiles could also try to show "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But he doesn't claim that he could meet this requirement.

11

consecutively.'" *United States v. Gaskin*, 587 F. App'x 290, 297 (6th Cir. 2014) (quoting *United States v. Ospina*, 18 F.3d 1332, 1334 (6th Cir. 1994)). Indeed, "[t]he Supreme Court has never held that the possibility of consecutive sentencing is a consequence that must be disclosed to render a sentence knowing and voluntary." *Hittle v. Christiansen*, No. 21-cv-10905, 2024 WL 2749990, at *3 (E.D. Mich. May 29, 2024); *see Burks v. Hoffner*, No. 15-cv-1142, 2017 WL 2561080, at *7 (W.D. Mich. May 18, 2017), *report and recommendation adopted*, 2017 WL 2537219 (W.D. Mich. June 12, 2017). To the contrary, "[t]he Sixth Circuit has held on multiple occasions that the Due Process Clause does not require a court to inform a defendant that his sentences will run consecutively." *Hittle*, 2024 WL 2749990, at *3.

## Conclusion

For the above reasons, I recommend that the Court dismiss Hiles's petition.

Dated: June 9, 2026

 */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).

12